UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 15-00605 DSF (PLAx) | Date | 11/20/15 |
| Title | Eduardo Jimenez v. Witron Integrated Logistics, Inc., et. al | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Plaintiff's Motion to Remand (Dkt. 37)

    Plaintiff Eduardo Jimenez moves to remand his wrongful termination case against Defendants Witron Integrated Logistics, Inc., and Ralph Morton. The Court finds the motion suitable for disposition without a hearing. The hearing is removed from the Court's calendar, and the motion is granted.

    Plaintiff originally sued Witron and Morton, his former manager, in San Bernardino County Superior Court. Plaintiff and Morton are both residents of California, but Defendants removed the case based on diversity jurisdiction, alleging that Morton was fraudulently joined. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (internal punctuation omitted). Such a defendant is ignored for purposes of establishing diversity jurisdiction. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001).

    Defendants alleged that Morton was fraudulently joined because the only claim against him could not be maintained as a matter of law. See Notice of Removal (Removal), ¶¶ 18-21. Plaintiff had accused Morton of harassment based on association under the Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12926(o).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Defendants argued Plaintiff failed to state a claim against Morton, because Plaintiff did not exhaust his administrative remedies under FEHA.  See Removal, ¶ 23; see also Rojo v. Kliger, 52 Cal. 3d 65, 88 (1990) (noting claims brought under FEHA require administrative exhaustion).  Plaintiff apparently agrees because he now indicates that he does not intend to pursue the harassment claim.  See Pl.'s Reply at 5:3-4, n. 1.  For the purposes of the motion to remand, the Court assumes Morton was fraudulently joined in the original complaint and his presence was properly ignored initially, establishing diversity at the time of removal.  See Morris, 236 F.3d at 1068.  Analytically, a fraudulent joinder compels dismissal of a sham defendant.  Isaacs v. Broido, 358 Fed. Appx. 874, 876 (2009).

However, Defendants here stipulated to the filing of a First Amended Complaint (FAC) that effectively joined Morton back into the case with a defamation claim.  The Court permitted the filing of the FAC based on the stipulation.  Morton is no longer a sham defendant.  Defendants argue that Plaintiff fails to state a defamation claim against Morton because he alleges opinions rather than facts, does not identify unprivileged communications, does not allege facts showing malice, or overcome the managerial privilege.  Defs.' Opp. at 7:15-12:13.  Defendants misapprehend the standard for fraudulent joinder, however.  The question is whether plaintiff has a colorable claim against the alleged sham defendants, not whether the defendants can propound defenses to the cause of action.  Ritchey, 139 F.3d at 1318; see also Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1333 (11th Cir. 2011) (contrasting the Iqbal/Twombly[1] plausibility standard with the lower standard to defeat fraudulent joinder).

In any event, Defendants stipulated to the FAC joining Morton back into the case, and the Court granted leave to file the FAC.  Once the Court permitted the filing of the FAC, subject-matter jurisdiction was destroyed.  Remand is required.  28 U.S.C. § 1447(e); see also Morris, 236 F.3d at 1068.

Plaintiff's motion to remand is GRANTED.

IT IS SO ORDERED.

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).